1  THOMAS E. FRANKOVICH,
   **A Professional Law Corporation**
2  THOMAS E. FRANKOVICH (State Bar No. 074414)
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiff
   CRAIG YATES, an individual
6



**ORIGINAL**

7              **UNITED STATES DISTRICT COURT**

8            **NORTHERN DISTRICT OF CALIFORNIA**

9                                    CV **1 0    3 7 4 9** *JL*

10  CRAIG YATES, an individual          )  **CASE NO.**
                                        )  <u>**Civil Rights**</u>
11         Plaintiff,                   )
                                        )  **COMPLAINT FOR INJUNCTIVE RELIEF**
12  v.                                  )  **AND DAMAGES:**
                                        )
13                                      )  **1st CAUSE OF ACTION:** For Denial of Access
    VIETNAM TOO RESTAURANT LLC, a       )  by a Public Accommodation in Violation of the
14                                      )  Americans with Disabilities Act of 1990 (42
    California Limited Liability Company dba )  U.S.C. §12101, *et seq.*)
15  VIETNAM TOO RESTAURANT; and         )
                                        )  **2nd CAUSE OF ACTION:** For Denial of Full
16  ELLIS LARKIN LLC, a California Limited )  and Equal Access in Violation of California
                                        )  Civil Code §§54, 54.1 and 54.3
17  Liability Company,                  )
                                        )  **3rd CAUSE OF ACTION:** For Denial of
18         Defendants.                  )  Accessible Sanitary Facilities in Violation of
    _____)  California Health & Safety Code §19955, *et seq.*
19
                                           **4th CAUSE OF ACTION:** For Denial of
20                                         Access to Full and Equal Accommodations,
                                           Advantages, Facilities, Privileges and/or
21                                         Services in Violation of California Civil Code
                                           §51, *et seq.* (The Unruh Civil Rights Act)
22

23

24                                         **DEMAND FOR JURY**

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Plaintiff CRAIG YATES, an individual, complains of defendants VIETNAM TOO

2    RESTAURANT LLC, a California Limited Liability Company dba VIETNAM TOO

3    RESTAURANT; and ELLIS LARKIN LLC, a California Limited Liability Company and alleges

4    as follows:

5    **INTRODUCTION:**

6    1.    This is a civil rights action for discrimination against persons with physical

7    disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

8    for failure to remove architectural barriers structural in nature at defendants' VIETNAM TOO

9    RESTAURANT, a place of public accommodation, thereby discriminatorily denying plaintiff

10    and the class of other similarly situated persons with physical disabilities access to, the full and

11    equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services,

12    and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the

13    Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

14    51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

15    2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

16    February 19, 2010, March 22, 2010, June 10, 2010 and August 2, 2010, was an invitee, guest,

17    patron, customer at defendants' VIETNAM TOO RESTAURANT, in the City of San Francisco,

18    California. At said times and place, defendants failed to provide proper legal access to the

19    restaurant, which is a "public accommodation" and/or a "public facility" including, but not

20    limited to the entrance, signage, men's restroom and women's restroom. The denial of access

21    was in violation of both federal and California legal requirements, and plaintiff CRAIG YATES

22    suffered violation of his civil rights to full and equal access, and was embarrassed and

23    humiliated.

24    ///

25    ///

26    ///

27    ///

28    ///

**JURISDICTION AND VENUE:**

3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 701 Larkin Street, in the City and County of San Francisco, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6.      Defendants VIETNAM TOO RESTAURANT LLC, a California Limited Liability Company dba VIETNAM TOO RESTAURANT; and ELLIS LARKIN LLC, a California Limited Liability Company (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as VIETNAM TOO RESTAURANT, located at/near 701 Larkin Street, San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

7.      At all times relevant to this complaint, defendants VIETNAM TOO RESTAURANT LLC, a California Limited Liability Company dba VIETNAM TOO RESTAURANT; and ELLIS LARKIN LLC, a California Limited Liability Company, own and operate in joint venture the subject VIETNAM TOO as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.*, Health and Safety code §19955, *et seq.*, and the ADA, 42 U.S.C. §12101, *et seq.*

8.      At all times relevant to this complaint, defendants VIETNAM TOO RESTAURANT LLC, a California Limited Liability Company dba VIETNAM TOO RESTAURANT; and ELLIS LARKIN LLC, a California Limited Liability Company are jointly and severally responsible to identify and remove architectural barriers at the subject VIETNAM TOO RESTAURANT pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201      General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

///

**PRELIMINARY FACTUAL ALLEGATIONS:**

9.     The VIETNAM TOO RESTAURANT, a.k.a. Pho Tau Bay, is a restaurant, located at/near 701 Larkin Street, San Francisco, California. The VIETNAM TOO RESTAURANT, its entrance, signage, men's restroom and women's restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the VIETNAM TOO RESTAURANT, a.k.a. Pho Tau Bay and each of its facilities, its entrance, signage, men's restroom and women's restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

10.     On or about September 26, 2008, defendants' and each of them purchased and/or took possessory control of the premises now known as VIETNAM TOO. At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that the restaurant was not accessible to the disabled. Nevertheless, defendants' and each of them, operated VIETNAM TOO as though it was accessible.

11.     At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

12.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the VIETNAM TOO RESTAURANT, a.k.a. Pho Tau Bay as being handicapped accessible and handicapped usable.

13.     On or about February 19, 2010, March 22, 2010, June 10, 2010 and August 2, 2010, plaintiff CRAIG YATES was an invitee and guest at the subject VIETNAM TOO RESTAURANT for purposes of having food and beverage.

14. On or about February 19, 2010, plaintiff CRAIG YATES power wheeled to VIETNAM TOO RESTAURANT. Plaintiff CRAIG YATES encountered a steep ramp and double doors at the subject restaurant. The double doors had excessive door pressure. Plaintiff CRAIG YATES struggled to open one of the double doors to gain access.

15. At said time and place, plaintiff CRAIG YATES had a meal. Plaintiff CRAIG YATES had needed to use an accessible restroom. Plaintiff CRAIG YATES entered the men's restroom and found that it was not accessible. In part, there was no accessible water closet and there was no strike side clearance in order to exit the restroom.

16. On or about February 24, 2010, plaintiff CRAIG YATES wrote both the landlord and tenant concerning the slope, entry doors and restroom. Plaintiff CRAIG YATES never received a response.

17. On or about March 22, 2010, June 10, 2010 and August 2, 2010, plaintiff CRAIG YATES returned to VIETNAM TOO. No remedial work whatsoever was done. Plaintiff CRAIG YATES encountered and struggled with the slope, double doors and then could not make full use of the men's restroom due to barriers.

18. At said time(s) and place, plaintiff CRAIG YATES noticed that there was a lack of directional assistance and usage signage.

///

///

///

///

///

///

///

///

///

///

///

1  19.  Therefore, at said times and place, plaintiff CRAIG YATES, a person with a
2  disability, encountered the following inaccessible elements of the subject VIETNAM TOO
3  RESTAURANT which constituted architectural barriers and a denial of the proper and legally-
4  required access to a public accommodation to persons with physical disabilities including, but
5  not limited to:

6      a.  lack of directional signage to show accessible routes of travel, i.e.
          entrances, assistance and usage;
7
      b.  lack of an accessible entrance due to slope and excessive door pressure;
8
      c.  lack of a handicapped-accessible women's public restroom;
9
      d.  lack of a handicapped-accessible men's public restroom; and
10
      e.  On personal knowledge, information and belief, other public facilities and
11          elements too numerous to list were improperly inaccessible for use by
          persons with physical disabilities.
12

13  20.  At all times stated herein, the existence of architectural barriers at defendants'
14  place of public accommodation evidenced "actual notice" of defendants' intent not to comply
15  with the Americans with Disabilities Act of 1990 either then, now or in the future.

16  21.  On or about February 24, 2010, defendant(s) were sent two (2) letters by or on
17  behalf of plaintiff CRAIG YATES advising of their need to take immediate action to remove
18  architectural barriers and requesting a written response upon receipt of his letter, promising to
19  immediately remove the barriers and providing a date when that would be accomplished. Said
20  letters are attached hereto collectively as exhibit "A" and incorporated by reference as though
21  fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in
22  an early and reasonable resolution of the matter.
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

22.    At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

23.    As a legal result of defendants VIETNAM TOO RESTAURANT LLC, a California Limited Liability Company dba VIETNAM TOO RESTAURANT; and ELLIS LARKIN LLC, a California Limited Liability Company 's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

24.    As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical discomfort, bodily injury on or about February 19, 2010, March 22, 2010, June 10, 2010 and August 2, 2010, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing entry slope and double doors with excessive door pressure, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremity while attempting to open a door and enter the restaurant.

///

///

///

///

25.     Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

26.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

27.     Plaintiff CRAIG YATES was denied his rights to equal access to a public facility by defendants VIETNAM TOO RESTAURANT LLC, a California Limited Liability Company dba VIETNAM TOO RESTAURANT; and ELLIS LARKIN LLC, a California Limited Liability Company , because defendants VIETNAM TOO RESTAURANT LLC, a California Limited Liability Company dba VIETNAM TOO RESTAURANT; and ELLIS LARKIN LLC, a California Limited Liability Company maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to entrance, signage, men's restroom and women's restroom, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

28.     On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

///

///

///

29. Plaintiff, as described hereinbelow, seeks injunctive relief to require the VIETNAM TOO RESTAURANT to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the subject restaurant as a public facility.

30. Plaintiff seeks damages for violation of their civil rights on February 19, 2010, March 22, 2010, June 10, 2010 and August 2, 2010 and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

31. On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

32. Because of defendants' violations, plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling defendants to make the VIETNAM TOO RESTAURANT accessible to persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

33.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other restaurants and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

34.     Plaintiff is informed and believes and therefore alleges that defendants VIETNAM TOO RESTAURANT LLC, a California Limited Liability Company dba VIETNAM TOO RESTAURANT; and ELLIS LARKIN LLC, a California Limited Liability Company, and each of them, caused the subject building(s) which constitute the VIETNAM TOO RESTAURANT to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the restaurant and were denied full and equal use of said public facilities. Furthermore, on information and belief, defendants have continued to maintain and operate said restaurant and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of VIETNAM TOO RESTAURANT and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES, and other members of the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

1        35.      On personal knowledge, information and belief, the basis of defendants' actual and
2  constructive notice that the physical configuration of the facilities including, but not limited to,
3  architectural barriers constituting the VIETNAM TOO RESTAURANT and/or building(s) was in
4  violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is
5  not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself,
6  owners of other restaurants, hotels, motels and businesses, notices they obtained from
7  governmental agencies upon modification, improvement, or substantial repair of the subject
8  premises and other properties owned by these defendants, newspaper articles and trade
9  publications regarding the Americans with Disabilities Act of 1990 and other access laws, public
10 service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and
11 other similar information.  Defendants' failure, under state and federal law, to make the
12 VIETNAM TOO RESTAURANT accessible is further evidence of defendants' conscious
13 disregard for the rights of plaintiff and other similarly situated persons with disabilities.  Despite
14 being informed of such effect on plaintiff and other persons with physical disabilities due to the
15 lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take
16 any steps to rectify the situation and to provide full and equal access for plaintiff and other
17 persons with physical disabilities to the VIETNAM TOO RESTAURANT.  Said defendants, and
18 each of them, have continued such practices, in conscious disregard for the rights of plaintiff and
19 other persons with physical disabilities, up to the date of filing of this complaint, and continuing
20 thereon.  Defendants had further actual knowledge of the architectural barriers referred to herein
21 by virtue of the demand letter addressed to the defendants and served concurrently with the
22 summons and complaint.  Said conduct, with knowledge of the effect it was and is having on
23 plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious
24 disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the
25 imposition of treble damages per Civil Code §§52 and 54.3.

26        36.      Plaintiff CRAIG YATES and the disability community, consisting of persons with
27 disabilities, would, could and will return to the subject public accommodation when it is made
28 accessible to persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

I.  **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
    ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
    DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et sea.*)**
    (On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants VIETNAM
    TOO RESTAURANT LLC, a California Limited Liability Company dba VIETNAM TOO
    RESTAURANT; and ELLIS LARKIN LLC, a California Limited Liability Company,
    inclusive)
    (42 U.S.C. §12101, *et seq.*)

37.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

the allegations contained in paragraphs 1 through 36 of this complaint.

38.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

§12101 regarding persons with physical disabilities, finding that laws were needed to more fully

protect:

> some 43 million Americans with one or more physical or mental
> disabilities; [that] historically society has tended to isolate and
> segregate individuals with disabilities; [that] such forms of
> discrimination against individuals with disabilities continue to be a
> serious and pervasive social problem; [that] the nation's proper
> goals regarding individuals with disabilities are to assure equality of
> opportunity, full participation, independent living and economic
> self-sufficiency for such individuals; [and that] the continuing
> existence of unfair and unnecessary discrimination and prejudice
> denies people with disabilities the opportunity to compete on an
> equal basis and to pursue those opportunities for which our free
> society is justifiably famous.

39.     Congress stated as its purpose in passing the Americans with Disabilities Act of

1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive
> national mandate for the elimination of discrimination against
> individuals with disabilities; (2) to provide clear, strong, consistent,
> enforceable standards addressing discrimination against individuals
> with disabilities; (3) to ensure that the Federal government plays a
> central role in enforcing the standards established in this act on
> behalf of individuals with disabilities; and (4) to invoke the sweep
> of Congressional authority, including the power to enforce the 14th
> Amendment and to regulate commerce, in order to address the
> major areas of discrimination faced day to day by people with
> disabilities.

///

///

///

///

1    40.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public

4  accommodations identified for purposes of this title was:

5            (7)    PUBLIC ACCOMMODATION - The following private
             entities are considered public accommodations for purposes of this
6            title, if the operations of such entities affect commerce -

7                                 ---

8                    (B) a restaurant, bar or other establishment serving food or
             drink.
9
             42 U.S.C. §12181(7)(B)
10
11   41.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

on the basis of disability in the full and equal enjoyment of the goods, services, facilities,
12
privileges, advantages, or accommodations of any place of public accommodation by any person
13
who owns, leases, or leases to, or operates a place of public accommodation."
14
15   42.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:
16
17            (I)    the imposition or application of eligibility criteria
             that screen out or tend to screen out an individual with a disability
             or any class of individuals with disabilities from fully and equally
18           enjoying any goods, services, facilities, privileges, advantages, or
             accommodations, unless such criteria can be shown to be necessary
19           for the provision of the goods, services, facilities, privileges,
             advantages, or accommodations being offered;
20
21            (ii)    a failure to make reasonable modifications in
             policies, practices, or procedures, when such modifications are
             necessary to afford such goods, services, facilities, privileges,
22           advantages or accommodations to individuals with disabilities,
             unless the entity can demonstrate that making such modifications
23           would fundamentally alter the nature of such goods, services,
             facilities, privileges, advantages, or accommodations;
24
25            (iii)    a failure to take such steps as may be necessary to
             ensure that no individual with a disability is excluded, denied
             services, segregated or otherwise treated differently than other
26           individuals because of the absence of auxiliary aids and services,
             unless the entity can demonstrate that taking such steps would
27           fundamentally alter the nature of the good, service, facility,
             privilege, advantage, or accommodation being offered or would
28           result in an undue burden;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
                                                                            14

1

        (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing

2

facilities . . . where such removal is readily achievable; and

3

        (v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to

4

make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such

5

methods are readily achievable.

6 The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

7 Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

8 January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

9 §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

10     43.    The removal of the barriers complained of by plaintiff as hereinabove alleged were

11 at all times after January 26, 1992 "readily achievable" as to the subject building(s) of VIETNAM

12 TOO RESTAURANT pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief,

13 if the removal of all the barriers complained of herein together was not "readily achievable," the

14 removal of each individual barrier complained of herein was "readily achievable." On

15 information and belief, defendants' failure to remove said barriers was likewise due to

16 discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

17 (b)(2)(A)(i)and (ii).

18     44.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

19 accomplishable and able to be carried out without much difficulty or expense." The statute

20 defines relative "expense" in part in relation to the total financial resources of the entities

21 involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that

22 plaintiff complains of herein were and are "readily achievable" by the defendants under the

23 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

24 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

25 make the required services available through alternative methods which were readily achievable.

26 ///

27 ///

28 ///

45.     On information and belief, construction work on, and modifications of, the subject building(s) of VIETNAM TOO RESTAURANT occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

46.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

47.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about August 2, 2010, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

48.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  II.    **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
2        IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
        (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants VIETNAM
        TOO RESTAURANT LLC, a California Limited Liability Company dba VIETNAM TOO
3        RESTAURANT; and ELLIS LARKIN LLC, a California Limited Liability Company,
        inclusive)
4        (California Civil Code §§54, 54.1, 54.3, *et seq.*)

5        49.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the

6  allegations contained in paragraphs 1 through 48 of this complaint.

7        50.    At all times relevant to this action, California Civil Code §54 has provided that

8  persons with physical disabilities are not to be discriminated against because of physical handicap

9  or disability.  This section provides that:

10            (a) Individuals with disabilities . . . have the same rights as
            the general public to full and free use of the streets, highways,
11            sidewalks, walkways, public buildings, medical facilities, including
            hospitals, clinics, and physicians' offices, and other public places.
12
        51.    California Civil Code §54.1 provides that persons with disabilities shall not be
13
   denied full and equal access to places of public accommodation or facilities:
14
            (a)(1) Individuals with disabilities shall be entitled to full
15            and equal access, as other members of the general public, to
            accommodations, advantages, facilities, medical facilities, including
16            hospitals, clinics, and physicians' offices, and privileges of all
            common carriers, airplanes, motor vehicles, railroad trains,
17            motorbuses, streetcars, boats, or any other public conveyances or
            modes of transportation (whether private, public, franchised,
18            licensed, contracted, or otherwise provided), telephone facilities,
            adoption agencies, private schools, hotels, lodging places, places of
19            public accommodation, amusement or resort, and other places to
            which the general public is invited, subject only to the conditions
20            and limitations established by law, or state or federal regulation, and
            applicable alike to all persons.
21
            Civil Code §54.1(a)(1)
22
        52.    California Civil Code §54.1 further provides that a violation of the Americans with
23
   Disabilities Act of 1990 constitutes a violation of section 54.1:
24
            (d) A violation of the right of an individual under the
25            Americans with Disabilities Act of 1990 (Public Law 101-336) also
            constitutes a violation of this section, and nothing in this section
26            shall be construed to limit the access of any person in violation of
            that act.
27
            Civil Code §54.1(d)
28  ///

1      53.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2 whose rights have been infringed upon and violated by the defendants, and each of them, as

3 prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants

4 knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5 Code §§54 and 54.1.  Plaintiff has been and continue to be denied full and equal access to

6 defendants' VIETNAM TOO RESTAURANT.  As a legal result, plaintiff is entitled to seek

7 damages pursuant to a court or jury determination, in accordance with California Civil Code

8 §54.3(a) for each day on which he visited or have been deterred from visiting the VIETNAM

9 TOO RESTAURANT because of his knowledge and belief that the subject restaurant is

10 inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes
> with admittance to or enjoyment of the public facilities as specified
> in Sections 54 and 54.1 or otherwise interferes with the rights of an
> individual with a disability under Sections 54, 54.1 and 54.2 is
> liable for each offense for the actual damages and any amount as
> may be determined by a jury, or the court sitting without a jury, up
> to a maximum of three times the amount of actual damages but in
> no case less than . . .one thousand dollars ($1,000) and . . .
> attorney's fees as may be determined by the court in addition
> thereto, suffered by any person denied any of the rights provided in
> Sections 54, 54.1 and 54.2.

17      Civil Code §54.3(a)

18      54.    On or about February 19, 2010, March 22, 2010, June 10, 2010 and August 2,

19 2010, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff

20 CRAIG YATES was denied access to entrance, signage, men's restroom and women's restroom

21 and other public facilities as stated herein at the VIETNAM TOO RESTAURANT and on the

22 basis that plaintiff CRAIG YATES was a person with physical disabilities.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

55.    As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical discomfort, bodily injury on or about February 19, 2010, March 22, 2010, June 10, 2010 and August 2, 2010, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing entry slope and double doors with excessive door pressure, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremity while attempting to open a door and enter the restaurant.

56.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

57.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about February 19, 2010, March 22, 2010, June 10, 2010 and August 2, 2010, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    58.    As a result of defendants', and each of their, acts and omissions in this regard,

2  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

3  plaintiff's rights and enforce the provisions of the law protecting access for persons with physical

4  disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

5  the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all

6  reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

7  plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to

8  compel the defendants to make their facilities accessible to all members of the public with

9  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

10  the provisions of §1021.5 of the Code of Civil Procedure.

11  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
        FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

12      (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants VIETNAM
        TOO RESTAURANT LLC, a California Limited Liability Company dba VIETNAM TOO

13      RESTAURANT; and ELLIS LARKIN LLC, a California Limited Liability Company,
        inclusive)

14      (Health & Safety Code §19955, *et seq.*)

15      59.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

16  the allegations contained in paragraphs 1 through 58 of this complaint.

17      60.    Health & Safety Code §19955 provides in pertinent part:

18          The purpose of this part is to insure that public accommodations or
            facilities constructed in this state with private funds adhere to the
19          provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
            of Title 1 of the Government Code.  For the purposes of this part
20          "public accommodation or facilities" means a building, structure,
            facility, complex, or improved area which is used by the general
21          public and shall include auditoriums, hospitals, theaters, restaurants,
            hotels, motels, stadiums, and convention centers.  When sanitary
22          facilities are made available for the public, clients or employees in
            such accommodations or facilities, they shall be made available for
23          the handicapped.

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

61.    Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the VIETNAM TOO RESTAURANT and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the subject restaurant and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

62.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of VIETNAM TOO RESTAURANT and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

63.    Restaurants such as the VIETNAM TOO RESTAURANT are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

///

///

///

///

1    64.    As a result of the actions and failure to act of defendants, and as a result of the

2 failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied

3 plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil

4 rights and plaintiff's rights as a person with physical disabilities to full and equal access to public

5 facilities.

6    65.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

7 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's

8 civil rights and enforce provisions of the law protecting access for the persons with physical

9 disabilities and prohibiting discrimination against the persons with physical disabilities, and to

10 take such action both in plaintiff's own interests and in order to enforce an important right

11 affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all

12 reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

13 §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953

14 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and

15 litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

16 Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

17    66.    Plaintiff seeks injunctive relief for an order compelling defendants, and each of

18 them, to make the subject place of public accommodation readily accessible to and usable by

19 persons with disabilities.

20 **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
     EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

21 **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
     SEO*. (THE UNRUH CIVIL RIGHTS ACT)**

22 (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants VIETNAM
     TOO RESTAURANT LLC, a California Limited Liability Company dba VIETNAM TOO

23 RESTAURANT; and ELLIS LARKIN LLC, a California Limited Liability Company,
     inclusive)

24 (Civil Code §51, 51.5)

25    67.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

26 the allegations contained in paragraphs 1 through 66 of this complaint.

27 ///

28 ///

68.   Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

This section shall be known, and may be cited, as the Unruh Civil Rights Act.

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

69.     The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

70.     Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at §37, *et seq.*, as if repled herein.

///
///
///
///
///
///

71.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical discomfort, bodily injury on or about February 19, 2010, March 22, 2010, June 10, 2010 and August 2, 2010, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing entry slope and double doors with excessive door pressure, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremity while attempting to open a door and enter the restaurant.

72.     Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

73.     Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///

///

///

///

1 **PRAYER:**

2    Plaintiff prays that this court award damages and provide relief as follows:

3 **I.**    **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4    **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
    (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants VIETNAM
5    TOO RESTAURANT LLC, a California Limited Liability Company dba VIETNAM TOO
    RESTAURANT; and ELLIS LARKIN LLC, a California Limited Liability Company,
6    inclusive) (42 U.S.C. §12101, *et seq.*)

7    1.    For injunctive relief, compelling defendants VIETNAM TOO RESTAURANT

8 LLC, a California Limited Liability Company dba VIETNAM TOO RESTAURANT; and ELLIS

9 LARKIN LLC, a California Limited Liability Company, inclusive, to make the VIETNAM TOO

10 RESTAURANT, a.k.a. Pho Tau Bay, located at 701 Larkin Street, San Francisco, California,

11 readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and

12 to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to

13 afford full access to the goods, services, facilities, privileges, advantages and accommodations

14 being offered.

15    2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

16 prevailing party; and

17    3.    For such other and further relief as the court may deem proper.

18 **II.**    **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
19    **AND 54.3, *ET SEO.***
    (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants VIETNAM
20    TOO RESTAURANT LLC, a California Limited Liability Company dba VIETNAM TOO
    RESTAURANT; and ELLIS LARKIN LLC, a California Limited Liability Company,
21    inclusive)
    (California Civil Code §§54, 54.1, 54.3, *et seq.*)
22

23    1.    For injunctive relief, compelling defendants VIETNAM TOO RESTAURANT

24 LLC, a California Limited Liability Company dba VIETNAM TOO RESTAURANT; and ELLIS

25 LARKIN LLC, a California Limited Liability Company, inclusive, to make the VIETNAM TOO

26 RESTAURANT, a.k.a. Pho Tau Bay, located at 701 Larkin Street, San Francisco, California,

27 readily accessible to and usable by individuals with disabilities, per state law.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   2.   Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

2   each occasion on which plaintiff was deterred from returning to the subject public

3   accommodation.

4   3.   Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

5   if plaintiffs are deemed the prevailing party;

6   4.   Treble damages pursuant to Civil Code §54.3;

7   5.   General damages according to proof;

8   6.   For all costs of suit;

9   7.   Prejudgment interest pursuant to Civil Code §3291; and

10   8.   Such other and further relief as the court may deem just and proper.

11   **III.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
    SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE
12   §19955, *ET. SEO.***
    (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants VIETNAM
13   TOO RESTAURANT LLC, a California Limited Liability Company dba VIETNAM TOO
    RESTAURANT; and ELLIS LARKIN LLC, a California Limited Liability Company,
14   inclusive)
    (Health & Safety code §19955, *et seq.*)
15

16   1.   For injunctive relief, compelling defendants VIETNAM TOO RESTAURANT

17   LLC, a California Limited Liability Company dba VIETNAM TOO RESTAURANT; and ELLIS

18   LARKIN LLC, a California Limited Liability Company, inclusive, to make the VIETNAM TOO

19   RESTAURANT, a.k.a. Pho Tau Bay, located at 701 Larkin Street, San Francisco, California,

20   readily accessible to and usable by individuals with disabilities, per state law.

21   2.   For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

22   alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

23   3.   For all costs of suit;

24   4.   For prejudgment interest pursuant to Civil Code §3291;

25   5.   Such other and further relief as the court may deem just and proper.

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants VIETNAM TOO RESTAURANT LLC, a California Limited Liability Company dba VIETNAM TOO RESTAURANT; and ELLIS LARKIN LLC, a California Limited Liability Company, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3.    General damages according to proof;

4.    Treble damages pursuant to Civil Code §52(a);

5.    For all costs of suit;

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1     6.    Prejudgment interest pursuant to Civil Code §3291; and

2     7.    Such other and further relief as the court may deem just and proper.

3

4  Dated: _____, 2010    THOMAS E. FRANKOVICH,
                                  *A PROFESSIONAL LAW CORPORATION*

5

6

7                  By:

8                   THOMAS E. FRANKOVICH
                   Attorneys for Plaintiff CRAIG YATES, an individual

9

10                 **DEMAND FOR JURY TRIAL**

11    Plaintiff hereby demands a jury for all claims for which a jury is permitted.

12

13

14  Dated: _____, 2010    THOMAS E. FRANKOVICH,
                                    *A PROFESSIONAL LAW CORPORATION*

15

16

17                  By:
                   THOMAS E. FRANKOVICH
18                   Attorneys for Plaintiff CRAIG YATES, an individual

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

29

EXHIBIT

A

Recycled   Stock # R DOA-10-B

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

February 24, 2010

Manager
Pho Tau Bay Vietnam II
701 Larkin Street
San Francisco, CA 94109

Dear Manager of Pho Tau Bay Vietnam II:

Recently, I visited Pho Tau Bay Vietnam. The food was quite good and reasonably priced. That part of my experience was good. However, there are a few problems that need your immediate attention. You see, I use a wheelchair. Wheelchair users like me (as I did) have a problem with the sloped ramp and opening the double doors. It's hard to get through. The double doors close quickly. The men's restroom is too small with the two stalls. To add to this the door to the restroom swings in and takes up space. Many restroom elements are missing or misplaced such as the dispensers. That part of my experience was not good.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

You need to learn what needs to be done and do it now. So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access. Remember, wheelchair users have an old saying: "Access delayed is Access denied." You understand, right? Anyway, please write me when you get this letter and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Craig Yates

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

February 24, 2010

Owner of the Building
Pho Tau Bay Vietnam II
701 Larkin Street
San Francisco, CA 94109

Dear Owner of Building for Pho Tau Bay Vietnam II:

Recently, I visited Pho Tau Bay Vietnam. The food was quite good and reasonably priced. That part of my experience was good. However, there are a few problems that need your immediate attention. You see, I use a wheelchair. Wheelchair users like me (as I did) have a problem with the sloped ramp and opening the double doors. It's hard to get through. The double doors close quickly. The men's restroom is too small with the two stalls. To add to this the door to the restroom swings in and takes up space. Many restroom elements are missing or misplaced such as the dispensers.   That part of my experience was not good.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

You need to learn what needs to be done and do it now. So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access. Remember, wheelchair users have an old saying: "Access delayed is Access denied." You understand, right? Anyway, please write me when you get this letter and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Craig Yates